651 A.2d 1028

IN THE MATTER OF JAMES S. WEBB, JR., AN ATTORNEY AT LAW.

February 2, 1995.

## ORDER

The Office of Attorney Ethics having filed a petition with the Supreme Court recommending that **JAMES S. WEBB, JR.,** of **WILDWOOD,** be immediately temporarily suspended from the practice of law;

And the Disciplinary Review Board having also filed a report with the Supreme Court recommending that respondent be temporarily suspended from the practice of law and compelled to pay a monetary sanction for failure to comply with a fee arbitration award;

And good cause appearing;

It is ORDERED that **JAMES S. WEBB, JR.,** is temporarily suspended from the practice of law, effective immediately, and until further Order of this Court; and it is further

ORDERED that the Office of Attorney Ethics take such protective action, pursuant to *Rule* 1:20–11(c), as may be appropriate to gain possession and control of the legal files, records, practice and trust assets of **JAMES S. WEBB, JR.,** wherever situate, pending further Order of this Court; and it is further

ORDERED that all funds, if any, currently existing in any New Jersey financial institution maintained by **JAMES S. WEBB, JR.,** pursuant to *Rule* 1:21–6, shall be restrained from disbursement except upon application to this Court, for good cause shown, pending the further Order of this Court; and it is further

ORDERED that **JAMES S. WEBB, JR.,** show cause before this Court on February 28, 1995, at 2:00 p.m., Supreme Court courtroom, Hughes Justice Complex, Trenton, New Jersey, why his temporary suspension and the restraints herein should not continue pending final disposition of any ethics proceedings pending against him; why the funds restrained from disbursement should not be transmitted by the financial institutions who are the present custodians to the Clerk of the Superior Court for deposit in the Superior Court Trust Fund, pending the further Order of this Court; and why he should not be compelled to pay a monetary sanction for failure to comply with the award of the District I Fee Arbitration Committee; and it is further

ORDERED that David E. Johnson, Jr., Esquire, or his designee, present this matter to the Court; and it is further

ORDERED that **JAMES E. WEBB, JR.,** be restrained and enjoined from practicing law during the period of his suspension and that he comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with suspended attorneys; and it is further

ORDERED that the Office of Attorney Ethics cause this Order to be published in two consecutive issues of a newspaper of general circulation in Cape May County.